UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY JAMES MORRIS,

    Petitioner,

v.

                                  Case No.: 8:10-cv-972-T-24 TBM
                                  Case No.: 8:08-cr-289-T-24 TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause comes before the Court on Jerry James Morris's Motion to Reconsider Order Granting Government's Motion to Dismiss as Untimely. (Cr. Doc. 35; Civ. Doc. 12).

**I.    Background**

On March 14, 2011, this Court denied Jerry James Morris's 28 U.S.C. § 2255 motion as untimely. (Cr. Doc. 32). This Court held that Petitioner's judgment of conviction became final on March 5, 2009, and that the one-year period of limitations expired prior to Morris's § 2255 filing on April 22, 2010. (Cr. Doc. 32, p.2). This Court held that the one-year period of limitations did not run from the decision in Johnson v. United States, 130 S. Ct. 1265 (2010), because Johnson had not been applied retroactively to post-conviction relief motions. (Doc. 32). This Court noted in its order that Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), was pending *en banc* review, and that if the *en banc* opinion in Gilbert later afforded relief, Morris could file a motion based on that *en banc* opinion. (Doc. 32, pp. 3-4, n.2).

**II.     Discussion**

On March 24, 2011, Morris filed the instant motion to reconsider, arguing again that his § 2255 motion was timely as filed within one year of <u>Johnson</u>, and that this Court should hold that <u>Johnson</u> applies retroactively. (Doc. 35, p.4). A motion to reconsider is justified if there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. See <u>Williams v. United States</u>, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011). None of these factors are present in this case.

Section § 2255(f)(3) states that the one year statute of limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." See 28 U.S.C. § 2255(f)(3). There is no Supreme Court or Eleventh Circuit precedent recognizing a new right under <u>Johnson</u> as applicable on collateral review. See <u>Hill v. United States</u>, 2012 WL 1110057, at *4 (M.D. Fla. Apr. 3, 2012) (holding "<u>Johnson</u> has not been made applicable on collateral review"); <u>Hodges v. Warden, FFC</u>, 2012 WL 1094070, at *3 (M.D. Fla. April 2, 2012) (holding <u>Johnson</u> as not retroactive); <u>Smith v. United States</u>, 2012 WL 868888, at *2 (M.D. Fla. Mar. 14, 2012) (denying petitioner's argument because "neither the Supreme Court nor the Eleventh Circuit has made <u>Johnson</u> retroactively applicable on collateral review"); <u>Rogers v. United States</u>, 2011 WL 3625623, *2 (M.D. Fla. Aug. 17, 2011) (finding no Supreme Court or Eleventh Circuit precedent for retroactivity of <u>Johnson</u>).[1] In the absence of precedent

---

[1] In <u>Gilbert</u>, the Eleventh Circuit declined to decide whether a petitioner could raise a guidelines misappropriation claim in an initial collateral attack because Gilbert was before the court on a successive collateral proceeding. See <u>Gilbert v. United States</u>, 640 F.3d 1293, 1306 (11th Cir. 2011) (*en banc*).

2

holding that <u>Johnson</u> is retroactive, the one-year statute of limitations period does not run from the date of the <u>Johnson</u> decision. Morris's motion to reconsider is therefore denied.

**III.     Conclusion**

Accordingly, Jerry James Morris's Motion to Reconsider Order Granting Government's Motion to Dismiss as Untimely (Cr. Doc. 35; Civ. Doc. 12), is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of May, 2012.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner